REDMANN, Chief Judge.
On the state’s application we review a quashing of a charge that defendant committed obscenity by intentionally exposing the genitals of an on-duty vice-squad officer inside a locked “peep show” booth in which no one else was present.
La.R.S. 14:106 A(l) declares:
“The crime of obscenity is the intentional:
“(1) Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view with the intent of arousing sexual desire or which appeals to *119 prurient interest or is patently offensive.”
The trial judge reasoned that the legislative intent of the statutory wording “the” genitals is the exposer’s own genitals (at least in this context), and that a locked booth is not a public place within the meaning of the statute as interpreted by State v. Walters, 440 So.2d 115 (La.1983).
We affirm. In other contexts (e.g., in a “show”; or on the street with another person of the same intent), an exposer of another’s genitals might be guilty as a principal, R.S. 14:24, to the other’s crime of exposure of “the” genitals. But here the police officer was acting on official duty and cannot be held to have committed a crime.
On the basis of the acts charged, therefore, defendant neither committed not procured another to commit the crime of obscenity within R.S. 14:106 A(l). The charge was correctly quashed.
Affirmed.